UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CRISTIAN NAVARRETE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF KENT, a municipal corporation, and JAMES SHERWOOD,<br><br>　　　　　Defendants. | CASE NO. 2:22-cv-1431<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND |

## INTRODUCTION

This matter comes before the Court on Plaintiff Cristian Navarrete's motion to amend. Dkt. No. 21. Defendants City of Kent and James Sherwood do not oppose Plaintiff's motion. Dkt. No. 23. For the reasons stated below, the Court GRANTS Plaintiff's motion and ORDERS Plaintiff to file his amended complaint by June 12, 2023.

## BACKGROUND

Plaintiff brings this lawsuit under 42 U.S.C. § 1983, alleging Defendants violated his Fourth and Fourteenth Amendment rights. Dkt. No. 1 at 21. Plaintiff also alleges Defendants are liable for malicious prosecution and false arrest. *Id.* at 22. Trial is set to begin on March 18, 2024, and the parties must complete discovery by November 20, 2023. Dkt. No. 20. Plaintiff filed his motion seeking leave to amend on April 3, 2023—the final day to timely seek

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND - 1

amendment under the Court's March 6, 2023, scheduling order.[1] Plaintiff seeks to add "newly discovered facts to support another avenue of municipal liability under *Monell*" and to remove allegations against Jennifer Phillips and King County, whom the Court previously dismissed as defendants in this lawsuit. Dkt. No. 21 at 7; *see also* Dkt. No. 18.

## DISCUSSION

### I. Legal standard at issue.

In general, courts "should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a). As a result, courts should grant leave to amend "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies . . . , undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962). Prejudice carries the greatest weight in the Court's analysis. *See Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.*

### II. Leave to amend is appropriate under Rule 15(a).

Nothing in the record shows Plaintiff moved to amend with undue delay or acted in bad faith. Plaintiff moved to amend after receiving Defendant's discovery responses including unknown facts that, in Plaintiff's view, support *Monell* liability. Plaintiff filed his motion within the deadline to amend set by the Court. Amendment is not futile, and Plaintiff has not previously amended his complaint. Defendants do not oppose Plaintiff's amendment, nor do they argue they

---

[1] Plaintiff argues leave to amend is appropriate under Rule 16(b). But, since Plaintiff moved to amend within the deadline set by the scheduling order, the Court does not analyze whether there is good cause under Rule 16(b).

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND - 2

will be prejudiced in any way by this amendment. The Court finds no prejudice given that the trial is nine months away and discovery may continue until November 2023.

Accordingly, having considered Plaintiff's motion, the briefing of the parties, and the remainder of the record, Plaintiff's motion to amend is GRANTED. Plaintiff must file his amended complaint by June 12, 2023.

Dated this 6th day of June, 2023.

Jamal N. Whitehead
United States District Judge