UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CRISTIAN NAVARRETE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF KENT, a municipal corporation; JAMES SHERWOOD, an individual,<br><br>　　　　　Defendants. | CASE NO. 2:22-cv-01431<br><br>ORDER ON PLAINTIFF'S MOTION TO COMPEL |

## 1.  INTRODUCTION

This matter comes before the Court on Plaintiff Cristian Navarrete's motion to compel Defendants City of Kent and James Sherwood to fully respond to six interrogatories and 19 requests for production. Dkt. No. 29. The Court held oral argument on December 5, 2023, and for the reasons stated on the record, and as further explained below, the Court DEFERS ruling on the motion until after the parties have sufficiently met and conferred about the subjects in dispute.

ORDER ON PLAINTIFF'S MOTION TO COMPEL - 1

## 2. BACKGROUND

This is a Section 1983 civil rights case. Navarrete alleges he was wrongly arrested and prosecuted for a shooting that occurred near the Kent Transit Station on July 14, 2020. Dkt. No. 27 at 3. He alleges false arrest, malicious prosecution, and wrongful imprisonment for 141 days in violation of his civil rights. Dkt. No. 27 at 2.

On December 19, 2022, Navarrete served his first round of discovery requests. Dkt. Nos. 30 at ¶ 3; 30-1 at 2-22 . On February 1, 2023, and March 27, 2023, the City and Sherwood provided their first and supplemental responses, respectively. Dkt. Nos. 30 at ¶ 4; 30-1 at 24-55, 57. The parties exchanged deficiency letters about their discovery responses and participated in a telephone conference on May 12, 2023. Dkt. Nos. 30 at ¶ 7; 30-1 at 64; 32-2. On June 23, 2023, Defendants provided supplemental responses. Dkt. No. 30-1 at 67-77. Finding these supplemental responses insufficient, Navarrete filed this motion on July 20, 2023. Dkt. No. 29. After the motion was filed, Defendants produced more documents in response to Navarrete's discovery requests. Dkt. No. 32 at ¶ 12.

Navarrete seeks documents that generally fall into four categories: (1) communications and documents exchanged between the City, Sherwood, and prosecutors in the criminal case arising out of the shooting on July 14, 2020; (2) personnel records of employees who assisted in the investigation and prosecution of the shooting for which Navarrete was charged; (3) complaints against Defendants since 2010 relating to claims of malicious prosecution or false arrest; and (4)

unredacted versions of documents produced in redacted form by Defendants. *See* Dkt. No. 29 at 5-6.

## 3. DISCUSSION

The requirement to meet and confer in good faith is not simply a "formalistic prerequisite" for judicial resolution. *Selim v. Fivos, Inc.*, C22-1227-JCC, 2023 WL 3172467, at *2 (W.D. Wash. May 1, 2023) (citing *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015)). "A good faith effort to resolve discovery disputes requires an exchange of information until no additional progress is possible." *Beasley v. State Farm Mut. Auto. Ins. Co.*, C13-1106-RSL, 2014 WL 1268709, at *1 (W.D. Wash. Mar. 25, 2014). Indeed, even when a certification is included, "[c]ourts may look beyond the certification to determine whether a sufficient meet-and-confer took place." *Selim*, 2023 WL 3172467, at *2 (citing *Cardoza*, 141 F. Supp. 3d 1145)). If the Court finds the meet and confer insufficient, it may defer its ruling. *See, e.g.*, *McLain v. Daniel N. Gordon, PC*, No. C09-5362BHS, 2010 WL 11685123, at *1 (W.D. Wash. June 29, 2010).

Before presenting this motion to the Court, the parties met and conferred once, and not at all, following Defendants' supplemental production following the lone discovery conference. To be sure, it is possible to suss out the existence of an impasse after a letter exchange and a phone call, but it is apparent from the parties briefing, the discovery that has followed since the motion was filed, and the parties representations during the December 5 hearing, that there is more discussion and give-and-take to be had between the parties that could lead to agreement without court intervention. Dkt. No. 30 at ¶ 7. Even if the parties can't reach a compromise,

ORDER ON PLAINTIFF'S MOTION TO COMPEL - 3

satisfying the meet and confer requirement will narrow and crystallize what is in dispute and ultimately presented to the Court for resolution.

Accordingly, the Court orders the parties to meet and confer consistent with their obligations under the Civil and Local rules. The parties should heed the following guidance from the Court.

The Court finds no temporal limit necessary with respect to personnel files. For citizen complaints about malicious prosecution or false arrest, the Court finds the relevant period of discovery limited to six years before Navarrete's arrest. Generally, given that a protection order is in place, the Court finds redactions inappropriate unless they are based on privilege. If the City and Sherwood maintain their redactions, they must provide Navarrete with a privilege log identifying the (1) the documents redacted, (2) the claimed privilege or basis, and (3) the document author(s) and recipient(s).

### 4.  CONCLUSION

The Court DEFERS its ruling on Navarrete's motion to compel. Dkt. No. 29. The parties must meet and confer and file a joint status report by January 16, 2024. To the extent, issues raised in Navarrete's motion are still in dispute, the parties may submit their status report in the form prescribed by the District's Expedited Joint Motion Procedure. *See* LCR 37(a)(2). Accordingly, the Court directs the clerk to re-note Navarrete's motion to compel to January 16, 2024.

Dated this 7th day of December, 2023.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

                                                */s/ Jamal N. Whitehead*

Jamal N. Whitehead
United States District Judge

ORDER ON PLAINTIFF'S MOTION TO COMPEL - 5