UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CRISTIAN NAVARRETE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF KENT and JAMES SHERWOOD,<br><br>　　　　　Defendants. | CASE NO. 2:22-cv-01431<br><br>ORDER |

## 1. INTRODUCTION

The right to discovery is broad, but not boundless. Here, the parties test those bounds in separately filed motions to compel. Defendants City of Kent and Ofc. James Sherwood seek ████████████████████████████████ ██████, while Navarrete moves to depose the Chief of the Kent Police Department, Raphael Padilla. Because both requests fall within the scope of Rule 26, the Court GRANTS the motions. Dkt. Nos. 47, 49, 63. Because some of the information discussed in the motion papers is highly sensitive and confidential in nature, the Court also GRANTS in whole and IN PART the parties' concomitant motions to seal *un*-redacted copies of certain filings. Dkt. Nos. 46, 54, 59.

ORDER - 1

# 2. DISCUSSION

**2.1    Legal standard.**

The Court starts from the premise that pretrial discovery is given "broad and liberal treatment." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Generally, "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). A party can be compelled to produce documents and information, but the party seeking discovery must first establish that its request is relevant. *Mi Familia Vota v. Hobbs*, 343 F.R.D. 71, 81 (D. Ariz. 2022). The party resisting discovery must show why discovery should not be allowed by "clarifying, explaining, and supporting its objections." *Brown v. Warner*, No. C09-1546-RSM, 2015 WL 630926, at *1 (W.D. Wash. Feb. 12, 2015). District courts have broad discretion in determining relevancy and managing discovery. *Avila v. Willits Env't Remediation Tr.*, 633 F.3d 828, 833 (9th Cir. 2011); *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005).

**2.2    Navarette's motion to compel: Because Chief Padilla is a fact witness, he must sit for a deposition.**

This is a Section 1983 civil rights case. Navarrete alleges he was wrongfully arrested, prosecuted, and imprisoned for 141 days in violation of his civil rights for a shooting that occurred near the Kent Transit Station on July 14, 2020. Dkt. No. 27 at 2–3. He was 18-years old at the time. *Id.* ¶ 4.130.

Navarrete moves to depose Chief Padilla because, according to Navarrete, Chief Padilla approved the police raid of Navarrete's home and his arrest.

Navarrete also claims that Chief Padilla has personal knowledge about racial discrimination by the Kent Police Department ("KPD"), but that he failed to implement training that would have prevented the racial bias that led to Navarrete's arrest.

Defendants resist the deposition by invoking the "apex doctrine," which limits depositions of high-level officials for fear of such depositions being used as an instrument of abuse or harassment. *See Encinas v. Univ. of Washington*, No. 2:20-CV-01679-TL, 2023 WL 6066522, at *2 (W.D. Wash. Sept. 18, 2023). Defendants rely in part on this Court's order in *Contreraz v. City of Tacoma*, No. 3:22-CV-5106, 2023 WL 4174659, at *7 (W.D. Wash. June 26, 2023), in which this Court blocked the proposed deposition of a police chief in a Section 1983 case, holding that "heads of government agencies are not normally subject to deposition[.]"

Defendants claim that so-called apex depositions are appropriate only in extraordinary ordinary circumstances, but the rule is not absolute, and many courts allow such depositions to proceed when "'the deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case and (2) … the party seeking the deposition has exhausted other less intrusive discovery methods.'" *Encinas*, 2023 WL 6066522, at *2 (quoting *Rookaird v. BNSF Ry. Co.*, No. C14-176-RSL, 2015 WL 11233096, at *1 (W.D. Wash. July 8, 2015)); *see also Bogan v. City of Bos.*, 489 F.3d 417, 423 (1st Cir. 2007) ("Depositions of high ranking officials may be permitted where the official has first-hand knowledge related to the claim being litigated. However, even in such cases, discovery is permitted only where it is shown that other persons cannot provide the necessary information.") (cleaned up).

The Court assumes without deciding that Chief Padilla is a "high-ranking" official who falls within the ambit of the apex doctrine. But even as the top official within the Kent Police Department, the doctrine does not preclude Chief Padilla's deposition because he is a first-hand, fact witness if he personally approved Navarrete's arrest and the search of his family home. Defendants argue that Chief Padilla had nothing to do with the arrest and that he was simply "brief[ed]" about the search of Navarrete's home and that "he does not recall anything specific from that briefing." Dkt. No. 66 at 14. This is just argument, however, and neither Navarrete nor the Court must accept it as truth on this record. Navarrete has produced an email to Chief Padilla that suggests that he had more than cursory knowledge about the planned arrest and Navarrete has a right to inquire further with the chief on this subject. *See* Dkt. No. 64-1 at 69.

Chief Padilla also knew about the investigation into a Kent Police Department Assistant Chief that found, among other things, the Assistant Chief displayed Nazi insignia in the office and referred to himself using a Nazi military rank. Dkt. No. 64-1 at 72. Navarrete argues that this is significant because Chief Padilla took no corrective action following these findings to prevent discriminatory police practices, and that this makes Navarrete's Section 1983 pattern or practice claim more probable.

The Court concludes that Chief Padilla may possess information that goes to the heart of Navarrete's wrongful arrest case, which distinguishes this matter from other cases in which the deposition of a police chief was blocked for lack of personal knowledge, like *Contreraz*. 2023 WL 4174659, at *7 (granting protective order

1  preventing deposition of police chief "when Plaintiff does not bring a 1983
2  municipality claim against Defendant City of Tacoma," and "Plaintiff does not
3  contend that Mayor … or [Police] Chief … have first-hand information that cannot
4  reasonably be obtained from other witnesses or through other discovery devices.").
5  Navarrete has already deposed several others within the police department, but
6  Chief Padilla is the only one who can explain and contextualize his actions (or
7  inaction), making the need for his testimony proportional to the needs of this case.
8  *See* Fed. R. Civ. P. 26(b)(1).

9  Even so, some limits are appropriate here. High-ranking officials like Chief
10  Padilla are "presumed to have 'greater duties and time constraints than other
11  witnesses and that, without appropriate limitations, such officials will spend an
12  inordinate amount of time tending to pending litigation.'" *Contreraz*, No. 3:22-CV-
13  5106, 2023 WL 4174659, at *7 (quoting *Bogan*, 489 F.3d at 423). So the Court will
14  limit his deposition to four hours, exclusive of breaks.

15  Accordingly, the Court GRANTS in part Navarrete's motion to compel Chief
16  Padilla's testimony.

17  **2.3  Defendants' motion to compel: Navarrete's ▮▮▮▮▮▮▮▮**
18  **records have some tendency to disprove his claims, so they are relevant and discoverable.**

19  Navarrete claims that "Defendants' unlawful conduct has caused severe and
20  long-lasting damage to him, his reputation, his relationships with his family, and
21  his financial and emotional wellbeing." Dkt. No. 27 ¶ 4.158. Navarrete retained two
22  experts to opine about his damages: a forensic psychologist, Tyson Bailey, PsyD,
23

Case 2:22-cv-01431-JNW    Document 77    Filed 12/31/24    Page 6 of 10

1  and a vocational consultant and life care planner, Rachel Steilberg. Dkt. Nos. 48-1;
2  48-2. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
3  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
4  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
5  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
6  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
7  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
8  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
9  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
10 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
11 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
12 ▮▮▮▮▮▮▮▮
13 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
14 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
15 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
16 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
17 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
18 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
19 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
20 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
21 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
22 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
23 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

ORDER - 6

1 ███████████████████████████████████████████

2 ███████████████████████████████████████████████

3 █████████████████████████████████████

4 ████████████████████████████████████ ██

5 ████████████████████████████████ The existing protective

6 order will address any remaining privacy concerns. Dkt. No. 25.

7      Accordingly, Defendants' motion to compel is granted.[1]

### 2.4 The Court grants in part the parties' motions to seal.

Three motions to seal are also pending, none of which are opposed. Dkt. Nos. 46, 54, and 59. They all concern Defendants' motion to compel and seek to seal *un-redacted* copies of documents filed in support of, and opposition to, the motion. The Court must analyze the motions to seal closely to "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (cleaned up). This is because "[t]here is a strong presumption of public access to the court's files." LCR 5(g). This presumption, however, "is not absolute and can be overridden given sufficiently compelling reasons for doing so." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). What

---

[1] Navarrete's ████████████████████████ may face an uphill battle to admissibility, *see* Fed. R. Evid. 403, 404, but the records need not be admissible for them to be discoverable, Fed. R. Civ. P. 26(b)(1) ("Information within this scope of discovery need not be admissible in evidence to be discoverable."). To be clear: that Navarrete's ████████████████████████████ are discoverable is no guarantee that they will be admissible at trial.

ORDER - 7

constitutes a compelling reason is "best left to the sound discretion of the trial court." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978).

The documents the parties seek to seal contain Navarrete's private healthcare information and information from his high school record that is highly sensitive. Public release of this information would harm Navarrete, so there is a compelling reason to seal these documents. Courts routinely grant this relief for this type of sensitive and confidential information. *See, e.g.*, *United States v. Walker*, 2024 WL 1156454, at *1 (W.D. Wash. Mar. 18, 2024) (sealing exhibits that contained sensitive medical information); *D.L. by & Through Lazaro v. Poway Unified Sch. Dist.*, No. 19-CV-0780-GPC-RBB, 2019 WL 13267084, at *2 (S.D. Cal. Nov. 1, 2019) (sealing portions of the record mentioning the learning disability, private educational records, and personally identifiable information of a minor student). There are no less restrictive means of protecting Navarrete's privacy. And the public's ability to understand the resolution of Defendants' motion to compel will not be impaired by the sealing of the records given the related, redacted filings.

Finally, Defendants ask the Court to seal unredacted copies of "police reports that identify witnesses to the shooting, as well as the victim." Dkt. No. 62 at 1–2. Navarrete does not oppose this request. The identity of the witnesses to, and victim of, the shooting are not at issue here, so care should be taken to protect them from any harm, however slight, that may come from revealing their identities. But their interests can be protected by redacting their identifying information from the reports or anonymizing them (e.g., Jane Doe 1). Because there is an alternative to filing the reports under seal that would adequately protect the interests involved,

the Court orders that redacted copies of the reports, Dkt. No. 56-1 at 1–17, be filed in the public record.

Thus, Defendants' motion to seal is GRANTED, Dkt. No. 46; Navarrete's motion to seal is GRANTED IN PART, Dkt. No.54; and the parties stipulated motion to seal is GRANTED, Dkt. No. 59.

### 3. CONCLUSION

In sum, the Court rules as follows:

3.1  Navarrete's motion to compel is GRANTED in part. Dkt. No. 63. Defendants are ordered to produce Chief Padilla for a deposition to last no longer than four hours, exclusive of breaks. Recognizing that this is likely a busy time of year both professionally and personally for the parties, the Court will not set a deadline for Chief Padilla's deposition to occur. Instead, the parties must work together cooperatively to schedule his deposition to take place within a reasonable amount of time of this order. Within the next 21 days or so strikes the Court as reasonable.

3.2  Defendants' motion to compel is GRANTED. Dkt. No. 47. Navarrete must produce responsive documents by January 14, 2025.

3.3  Defendants' motion to seal is GRANTED. Dkt. No. 46

3.4  Navarrete's motion to seal is GRANTED IN PART. Dkt. No.54. Defendants must file redacted or anonymized copies of the police reports, Dkt. No. 56-1 at 1–17, the public record within 30 days of this order.

ORDER - 9

3.5  The following documents may be kept under seal: Dkt. No. 47; Dkt. No. 47-1; Dkt. No. 48; Dkt. Nos. 48-1–48-7; Dkt. No. 55; Dkt. No. 56; Dkt. No. 56-1; Dkt. No. 60.

3.6  In light of the Court's rulings, the dispositive motions deadline is continued to January 27, 2025.

Dated this 31st day of December, 2024.

Jamal N. Whitehead
United States District Judge

ORDER - 10