UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CRISTIAN NAVARRETE,<br><br>             Plaintiff,<br><br>      v.<br><br>CITY OF KENT, a municipal corporation, and JAMES SHERWOOD, and his marital community,<br><br>             Defendants. | CASE NO. 2:22-cv-01431<br><br>ORDER |

## 1. INTRODUCTION

Defendant's motion to stay proceedings pending interlocutory appeal comes before the Court. Dkt. No. 147. Having considered the briefing and the relevant law, the Court is fully informed and GRANTS the motion for the reasons below.

## 2. BACKGROUND

Plaintiff Cristian Navarrete sued the City of Kent and Officer James Sherwood, asserting claims under state law and 28 U.S.C. § 1983. Navarrete's Section 1983 claims include a judicial deception claim and a Due Process claim for his allegedly unlawful arrest and prosecution. Defendants moved for summary

ORDER - 1

judgment, with Officer Sherwood asserting qualified immunity. He argued that while Navarrete's constitutional rights were clearly established, he did not violate them, as a matter of law.

On October 8, 2025, the Court granted summary judgment in part, dismissing the City of Kent but denying Officer Sherwood's motion for summary judgment on qualified immunity grounds. Dkt. No. 145. The Court found that genuine issues of material fact precluded summary judgment on whether Officer Sherwood violated Navarrete's constitutional rights. *Id.* at 23–28.

Officer Sherwood filed a notice of appeal on October 10, 2025, Dkt. No. 146, and moved to stay proceedings pending his interlocutory appeal, Dkt. No. 147. Navarrete opposes the stay and requests that the Court certify the appeal as frivolous. Dkt. No. 152.

### 3.  DISCUSSION

**3.1   Legal standard.**

When a claim is "immediately appealable," the filing of an interlocutory appeal "divests the district court of jurisdiction to proceed with trial." *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992). "[I]n the qualified immunity context, [the Ninth Circuit] typically ha[s] jurisdiction over interlocutory appeals from the denial of summary judgment." *Est. of Anderson v. Marsh*, 985 F.3d 726, 730 (9th Cir. 2021) (citing *Foster v. City of Indio*, 908 F.3d 1204, 1209 (9th Cir. 2018)). This jurisdiction exists because qualified immunity is an immunity from suit itself, which would be

"effectively lost" if the case erroneously proceeds to trial. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

That said, important limits exist on such appeals. The Ninth Circuit lacks jurisdiction to hear interlocutory appeals over "a *fact*-related dispute about the pretrial record, namely, whether or not the evidence in the pretrial record was sufficient to show a genuine issue of fact for trial." *Est. of Anderson*, 985 F.3d at 730 (citation modified). The key question is whether the appeal presents genuine legal issues or merely challenges the district court's assessment of factual disputes. If a defendant argues only that the evidence is insufficient to support the plaintiff's claims, the appeal exceeds jurisdictional bounds. *Id.* at 731. But if the defendant argues on appeal that their conduct did not violate the plaintiff's constitutional rights, *even when* the disputed facts are taken in the light most favorable to the plaintiff, that appeal presents a question of law, and the appellate court has interlocutory review jurisdiction. *Knox v. Sw. Airlines*, 124 F.3d 1103, 1107 (9th Cir. 1997). If a district court's rejection of a qualified-immunity defense rests on a question of law, then its decision is immediately appealable. *Williams v. City of Sparks*, 112 F.4th 635, 642 (9th Cir. 2024).

Additionally, "[i]f the district court concludes that a defendant's "claim of qualified immunity is frivolous or has been waived, the district court may certify in writing, that defendants have forfeited their right to a pretrial appeal, and may proceed with trial." *Chuman*, 960 F.2d at 105. An appeal is frivolous "if the results are obvious, or the arguments of error are wholly without merit." *Fair v. King Cnty.*, No. 2:21-cv-01706-JHC, 2025 WL 1953077, at *2 (W.D. Wash. July 16, 2025)

ORDER - 3

(quoting *Blixseth v. Yellowstone Mountain Club, LLC*, 796 F.3d 1004, 1007 (9th Cir. 2015)).

**3.2     Plaintiff's Section 1983 claims are subject to interlocutory appeal.**

Officer Sherwood intends to establish on appeal that even when the evidence is viewed in the light most favorable to Navarrete, his actions did not violate Navarrete's constitutional rights, as a matter of law. Thus, Officer Sherwood's appeal is not based on factual disagreements, but rather a disagreement about the legal effect of the facts, when taken in the light most favorable to Navarrete.

For Navarrete's Fourth Amendment judicial deception claim, the Court found that Officer Sherwood's warrant affidavit contained material omissions and misrepresentations. Dkt. No. 145 at 15–23. The Court explicitly held that materiality is a question of law for the court to decide. *Id.* at 15 (citing *Bravo v. City of Santa Maria*, 665 F.3d 1076, 1083 (9th Cir. 2011)). The Ninth Circuit exercises jurisdiction over materiality determinations in interlocutory appeals. *Hart v. City of Redwood City*, 99 F.4th 543, 548 (9th Cir. 2024) ("'[A]ny issue of law, including the materiality of the disputed issues of fact, is a permissible subject for appellate review.'" (quoting *Jeffers v. Gomez*, 267 F.3d 895, 903, 904 (9th Cir. 2001)). Thus, Officer Sherwood may also challenge the Court's materiality finding before the Ninth Circuit.

More problematic is the second element of judicial deception: whether Sherwood made the misrepresentations or omissions intentionally or with reckless disregard for the truth. The Court found that Navarrete made the required

ORDER - 4

"substantial showing" on this element, but emphasized that "'the question of intent or recklessness is a factual determination for the trier of fact.'" Dkt. No. 145 at 23 (quoting *Bravo*, 665 F.3d at 1083). While the Ninth Circuit has sometimes reviewed such determinations, *see Finkelstein v. Jangla*, 816 F. App'x 98, 101–02 (9th Cir. 2020), Officer Sherwood faces a steep climb to address this element without improperly challenging factual findings.

As for Navarrete's Fourteenth Amendment deliberate fabrication claim, the Court found substantial evidence that Officer Sherwood deliberately fabricated evidence, including his persistence in pursuing charges despite observing that Navarrete did not match the description of the alleged suspect. Dkt. No. 145 at 24–26. Officer Sherwood relies on *Cunningham v. Gates* to argue that the "Ninth Circuit may also consider whether there is evidence of fabrication at all on interlocutory appeals of denials of qualified immunity." Dkt. No. 147 at 4 (citing *Cunningham v. Gates*, 229 F.3d 1271, 1291–92 (9th Cir. 2000)). But the circumstances here are markedly different from *Cunningham*, in which the Ninth Circuit found that the plaintiffs produced "not an iota of evidence" of fabricated evidence against certain officers. *Cunningham*, 229 F.3d at 1291–92.

Here, this Court found direct and circumstantial evidence supporting an inference that Officer Sherwood deliberately fabricated evidence. Dkt. No. 145 at 25. And it concluded that "[w]hether Officer Sherwood deliberately fabricated evidence through mischaracterizing witness statements, inventing incriminating admissions, or continuing prosecution despite knowledge of innocence presents disputed issues of material fact that preclude summary judgment." *Id.* at 26.

ORDER - 5

Whether Officer Sherwood can challenge this conclusion without arguing a "a fact-related" dispute remains doubtful, but he may permissibly challenge whether these disputed facts are material and whether he is entitled to qualified immunity even when the material facts are viewed in the light most favorable to Navarrete. *Hart*, 99 F.4th at 548.

Navarrete argues that the Court should certify Sherwood's appeal as frivolous, citing *Ramirez v. Cnty. of L.A.*, 397 F. Supp. 2d 1208 (C.D. Cal. 2005), and *Fair v. King Cnty.*, No. 2:21-cv-01706-JHC, 2025 WL 1953077 (W.D. Wash. July 16, 2025). In *Ramirez*, the court found that an appeal from denial of qualified immunity on judicial deception and other claims "would do nothing but unreasonably delay the time when [the plaintiff] gets his day in Court." 397 F. Supp. 2d at 1230. In *Fair,* a case involving strikingly similar claims of judicial deception and fabricated evidence in a wrongful conviction case, the court certified the defendants' appeals as frivolous, finding among other things that the defendants admitted intending to appeal the sufficiency of the evidence presented on summary judgment. 2025 WL 1953077, at *3, *5.

The parallels are concerning. Like the defendants in those cases, Officer Sherwood seeks to appeal shortly after an adverse ruling that rested explicitly on factual disputes. His motion blurs the line between legal and factual arguments. Still, the Court cannot say that the appeal is frivolous. Officer Sherwood maintains he will argue that accepting all of Navarrete's facts as true, no constitutional violation occurred as a matter of law. Dkt. No. 153 at 3. While the Court is skeptical that Officer Sherwood can maintain this position without veering into

ORDER - 6

impermissible factual challenges, it cannot say that his claimed pure legal arguments are *wholly* baseless. *See Blixseth*, 796 F.3d at 1007.

Finally, the Court acknowledges the prejudice to Navarrete caused by further delay. Five years have passed since Officer Sherwood arrested Navarrete, who spent 141 days detained during the COVID-19 pandemic. Dkt. No. 145 at 12. The Court agrees with Navarrete's observation that justice delayed is often justice denied. But the filing of a notice of appeal on qualified immunity grounds automatically divests this Court of jurisdiction, regardless of the hardship imposed. *See Chuman*, 960 F.2d at 105 ("In the absence of such certification, the district court is automatically divested of jurisdiction to proceed with trial pending appeal."). Only if the appeal is demonstrably frivolous may the Court retain jurisdiction, and despite strong doubts, the Court cannot make that finding with the certainty required. *Id.*

### 3.3   The Court stays Plaintiff's state-law claims pending interlocutory appeal, finding that they are inextricably intertwined with his constitutional claims.

When a state-law claim is "inextricably intertwined" with a properly reviewable claim on collateral appeal, the Ninth Circuit has pendent jurisdiction over it. *Huskey v. City of San Jose*, 204 F.3d 893, 905 (9th Cir. 2000). "[A] pendent appellate claim can be regarded as inextricably intertwined with a properly reviewable claim on collateral appeal only if the pendent claim is coterminous with, or subsumed in, the claim before the court on interlocutory appeal—that is, when the appellate resolution of the collateral appeal *necessarily* resolves the pendent

ORDER - 7

claim as well." *Id.* (emphasis in original) (quoting *Moore v. City of Wynnewood*, 57 F.3d 924, 930 (10th Cir. 1995)).

Officer Sherwood's appeal will challenge whether—viewing the evidence in Navarrete's favor—his actions violated Navarrete's constitutional rights. Navarrete's state-law claims are premised on the same constitutional rights violations. Accordingly, the Court finds that his state and federal claims are inextricably intertwined for jurisdiction purposes. *Id.* (quoting *Moore*, 57 F.3d at 930). Alternatively, the Court stays Navarrete's state-law claims under *Landis v. North Am. Co.*, 299 U.S. 248 (1936). *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) ("A district court has discretionary power to stay proceedings in its own court[.]").

## 4. CONCLUSION

Accordingly, the Court GRANTS Defendant's motion to stay pending interlocutory appeal. Dkt. No. 147. This matter is STAYED pending the resolution of Defendant's interlocutory appeal. The Court STRIKES the Parties' motions to exclude expert testimony, motions in limine, and related motions to seal with leave to re-file. Dkt. Nos. 86, 91, 93, 137, 139, 140, and 141. The Court retains jurisdiction to resolve its show cause order at Dkt. No. 133. The Court further ORDERS the Parties to submit a status report within 14 days of the resolution of Defendant's interlocutory appeal.

Dated this 22nd day of October, 2025.

                                                       Jamal N. Whitehead
                                                       United States District Judge

ORDER - 9